IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH SANDERS,** | ) |
| Plaintiff, | ) ) ) |
| V. | ) Civil No. **03-172-GPM** |
| **A.W. RAU, and MR. DANIELS,** | ) ) ) |
| Defendants. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendants' motion for a more definite statement. **(Doc. 33).** Defendants note that the Court's threshold review recognized a "failure to protect" claim, but they contend the complaint is so vague and ambiguous that they cannot reasonable be required to respond. Defendants acknowledge that the complaint alleges that on March 13, 2001, inmates told them to get plaintiff "out of this unit before he gets hurt," and that they left the unit "leaving the plaintiff in this unit after they had put the plaintiff['s] life in danger." (*See* **Doc. 1, p. 6).** In accordance with Federal Rule of Civil Procedure 12(e), defendants specify they seek clarification regarding the allegation that on March 15, 2001, "somethin[g] happened to the plaintiff." (*See* **Doc. 1, p. 6).** More specifically, defendants want clarification as to what occurred on March 15, 2001, to constitute a constitutional violation, they also want clarification regarding the defendants' alleged personal involvement, if any, or acquiescence in those events. Plaintiff has not responded to the subject motion.

A confusing pleading is not ordinarily a fatal defect. ***Fidelity National Title Insurance***

1

*Company of New York v. Intercounty National Insurance Company*, **412 F.3d 745, 749 (7th Cir. 2005).** Thus, it was not inconsistent for the Court to recognize an actionable claim in the threshold review– particularly since Federal Rule of Civil Procedure 8(a) requires only "notice" pleading.

The complaint clearly alleges that defendants' liability stems from their being forewarned on March 13, 2001, that if plaintiff were not removed from the unit he would be hurt. However, an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment. *Babcock v. White*, **102 F.3d 267, 272 (7th Cir. 1996).** Therefore, plaintiff's allegation that "somethin[g] happened to the plaintiff" on March 15, 2001, is certainly too vague and ambiguous for defendants to respond to.

**IT IS THEREFORE ORDERED** that defendants' motion for a more definite statement **(Doc. 33)** is **GRANTED**, in that on or before **January 4, 2006**, plaintiff shall file a more definite statement of his claim against defendants Rau and Daniels, specifying what occurred on March 15, 2001, insofar as he alleges Rau and Daniels violated the Eighth Amendment. Failure to file a more definite statement may result in the complaint being struck, which in this situation would likely mean that plaintiff's complaint would be dismissed.

**IT IS SO ORDERED.**

**DATED: December 14, 2005**

           **s/ Clifford J. Proud**
           **CLIFFORD J. PROUD**
           **U. S. MAGISTRATE JUDGE**