IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH SANDERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **03-172-GPM** |
| | ) | |
| **KATHLEEN HAWK-SAWYER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Plaintiff Joseph Sanders, an inmate incarcerated at the United States Penitentiary at Marion, Illinois ("Marion"), has brought suit against defendant Rau, associate warden of operations at Marion, and against other Marion officials, alleging that his constitutional rights have been violated.  **(Doc. 1).**  Pursuant to Federal Rule of Civil Procedure 12(b)(5), defendant Rau is now before the Court seeking dismissal of the action against him for failure to properly and timely effect service as prescribed by Federal Rules of Civil Procedure 4(i)(1) and 4(m).  **(Doc. 22).**  Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Court makes the following Report and Recommendation regarding defendant Rau's motion to dismiss.  **(Doc. 22).**

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of a complaint due to insufficiency of service of process.  Defendant Rau is sued in his individual capacity for acts occurring in connection with the performance of his official duties on behalf of the United States.  ***See Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002).**  Therefore, Federal Rule of Civil Procedure 4(i)(2)(B) dictates that service be effected upon: (1) the United States (per Rule

1

4(i)(1)); and (2) the defendant officer or employee (per Rule 4(e)).  More specifically:  (1) a copy of the summons and complaint must be delivered to the United States Attorney for the district in which the action is brought, *and* (2) a copy of the summons and complaint must be sent via registered or certified mail to the Attorney General in Washington, D.C.; *and* (3) the original summons and complaint must be served on the named officer or employee by delivery to the individual personally, or to the individual's dwelling or usual abode, or to his or her authorized agent for receipt of service.  **(*See* Fed.R.Civ.P. 4(b), 4(i)(2)(B) and 4(i)(1); and 735 ILCS 5/2-203(a)).**  The waiver of service procedure set forth in Rule 4(d) is also applicable to the individual defendant.  ***See* Fed.R.Civ.P. 4, Advisory Committee Notes, 2000 Amendment, re Rule 4(i) ¶(2)(B).**

A review of the record reveals that the Court granted plaintiff pauper status and ordered the United States  Marshal to effect service on plaintiff's behalf.  **(Doc. 9).**  In accordance with Federal Rule of Civil Procedure 4(d), defendant Rau executed and returned a request for waiver of summons.  **(Doc. 15).**  However, there is no indication that the United States Attorney or the Attorney General were properly served, and defendant asserts as much.  The order directing the Marshal to effect service does not clearly set forth the steps that need to be performed to properly effect service on plaintiff's behalf, which probably lead to the failure to properly effect service within the 120-day period allotted under Rule 4(m).  **(*See* Doc. 9).**

With all that said, dismissal of the action is not an appropriate remedy.  ***See generally Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 933-934 (7th Cir. 2002).** The failure to effect service properly was entirely the fault of the Court and the United States Marshal.  Although Rule 4(m) prescribes only 120 days for service, it also gives the Court

discretion to direct that service be effected within a specified, appropriate time.  **Fed.R.Civ.P. 4(m).**  Accordingly, an additional 30 day period is warranted to permit the United States Marshal to complete service on the United States Attorney and Attorney General.

## Recommendation

For the aforestated reasons it is the recommendation of the Court that defendant Rau's motion to dismiss **(Doc. 22)** be denied.

This Court further recommends that the Court's pro se attorneys perform a review of the status of service on all defendants.  A  separate service order should issue clearly setting forth the procedures the Marshal must follow relative to Rau and any other defendants who have not been served due to the fault of the Court or the Marshal.

**SUBMITTED: February 15, 2006**

_ **s/ Clifford J. Proud**_
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 7, 2006**.