IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-172-GPM |
| | ) |
| A.W. RAU and MR. DANIELS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Clifford J. Proud (Doc. 42), recommending that the motion filed by Defendant Rau to dismiss for improper service of process under Federal Rule of Civil Procedure 12(b)(5) be denied and that the status of service of process in this case be reviewed. The Report and Recommendation was entered on February 15, 2006, and, to date, no objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However,

where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

As correctly stated and more thoroughly analyzed by Magistrate Judge Proud in the Report and Recommendation, in this case, Federal Rules of Civil Procedure 4(i)(1) and 4(i)(2)(B) required that service be effected on the employee Defendant, the United States Attorney for the Southern District of Illinois, and the Attorney General in Washington, D.C.  When Defendant Rau filed his motion to dismiss on May 23, 2005, neither the United States Attorney nor the Attorney General had been served.  This is no fault of Plaintiff's, however, as he was granted pauper status, and the Court ordered the United States Marshal to effect service on his behalf.  A review of the record indicates that the Attorney General was served on August 15, 2005 (Doc. 32), and the United States Attorney was served on August 17, 2005 (Doc. 31).  Rule 4(m) provides that the Court shall allow additional time for service if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days.  The delay in service was caused by the Court and/or the Marshal, not Plaintiff.  Therefore, the Court finds good cause to allow additional time for service and extends the time for service up to and including August 17, 2005.  Service on Defendant Rau is timely.  For these reasons, the Court **ADOPTS** Magistrate Judge Proud's Report and Recommendation (Doc. 42), and Defendant Rau's motion to dismiss for insufficient service of process (Doc. 22) is **DENIED**.

On October 17, 2005, Defendants Rau and Daniels filed a motion for more definite statement.  That motion was granted on December 14, 2005, and Plaintiff was ordered to file a more definite statement of his claim on or before January 4, 2006, to specify what occurred on March 15, 2001, insofar as he alleges that Defendants Rau and Daniels violated his Eighth Amendment rights.

Plaintiff was warned that "[f]ailure to file a more definite statement may result in the complaint being struck, which in this situation would likely mean that plaintiff's complaint would be dismissed" (Doc. 34, p. 2). Plaintiff has filed two documents – on February 6 and February 21, 2006 – relating to the Order requiring a more definite statement (Docs. 41, 43). Neither complies with the December 14th Order. Plaintiff continues to maintain that "something" happened to him on March 15, 2001, but refuses to set forth what it was because it is "already so clear. It is so clear. … It ain't no secret. … Chief Judge Murphy and United States Federal District Court has no choice but to review security [surveillance] camera D.V.D. tapes" of March 15, 2001 "to find the truth" (Doc. 43). However, because Defendants Rau and Daniels have asserted that Plaintiff failed to exhaust his administrative remedies, the Court must address that issue before dismissing the action for failure to file a more definite statement. *See Perez v. Wisconsin Dept. of Corrs.*, 182 F.3d 532, 536 (7th Cir. 1999).

After Plaintiff failed to comply with the Court's December 14th Order, Defendants Rau and Daniels filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that in light of Plaintiff's failure to file a more definite statement, he cannot state a claim for an Eighth Amendment violation. Additionally, they argue that dismissal is appropriate because he failed to plead that he had exhausted his administrative remedies. In fact, the complaint itself shows that Plaintiff did not present the facts relating to his complaint in the prisoner grievance procedure (Doc. 1, p. 3).[1] Defendants filed this motion on January 27, 2006. Plaintiff's response was due on March 1, 2006, but none was filed.

---

[1] Plaintiff states that he did not file a grievance because "Warden Stepp told [him] that was the past and to leave the matter alone" (Doc. 1, p. 3).

Exhaustion is a prerequisite to bringing suit. *See Perez*, 182 F.3d at 535 (7th Cir. 1999). There is no "futility exception" to the exhaustion requirement. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Defendants' motion to dismiss for failure to state a claim (Doc. 38) is **GRANTED**, and this action is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

DATED:  03/16/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge