IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH SANDERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 03-172-GPM ) |
| A.W. RAU and MR. DANIELS, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

In March 2003, Plaintiff filed this action for alleged violations of his constitutional rights by persons acting under color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He complains of conduct occurring March 12-15, 2001. He claims that other inmates accused him of being a "rat," and consequently "something" happened to him on March 15th. After preliminary review of the complaint, only Defendants Rau and Daniels were left to respond to Plaintiff's allegations.

In December 2005, the Court ordered Plaintiff to file a more definite statement to specify what occurred on March 15, 2001, insofar as he alleges that Defendants Rau and Daniels violated his Eighth Amendment rights. Plaintiff was warned that his failure to do so likely would result in dismissal of the action. As explained in this Court's March 16, 2006, Memorandum and Order, Plaintiff failed to specify what occurred on March 15th as ordered. Rather than dismissing the action for failure to file a more definite statement, however, the Court was compelled to address the issue of exhaustion of administrative remedies, which was raised by Defendants Rau and Daniels in a

motion to dismiss (*see* Doc. 44, *citing Perez v. Wisconsin Dept. of Corrs.*, 182 F.3d 532, 536 (7th Cir. 1999)). Because Plaintiff checked the box on the form complaint reflecting that he did not grieve the facts relating to his complaint, the Court dismissed this action without prejudice for failure to exhaust administrative remedies (*see Id.*).

Now, Plaintiff has filed what the Court construes to be a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e),[1] attaching thereto various grievance documents and parts of documents in an attempt to show that he in fact exhausted his administrative remedies. Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions may not be used to relitigate issues already considered or to present arguments that could have been addressed previously. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Publishers Res.*, 762 F.2d at 561. Plaintiff stated in his complaint that he did not pursue his claim through the grievance process. Further, he did not respond to Defendants' motion to dismiss, where Defendants raised the exhaustion issue. Plaintiff cannot now haphazardly submit various documents that, if relevant, should have been submitted earlier.

Moreover, the Court rejects any argument that Plaintiff has filed a more definite statement. In this motion, he states: "Failure of this federal U.S. Court to review D.V.D. tapes for a more definite statement of civil rights violation by United States Penitentary [sic] Marion IL administration agencies would be prejudice! What is their & there to hide?" (Doc. 45). Plaintiff

---

[1]Plaintiff's motion is titled "Patrick Murphy Order to Dismissed [sic] without Prejudice for Failure to Exhaust Administrative Remedies Was in Plain Error & Granting Defendants Motion to Dismiss for Failure to State a Claim (Doc. 38) is also in Plain Error" (Doc. 45).

continues to refuse to set forth what occurred on March 15, 2001, to allegedly violate his Eighth Amendment rights. Plaintiff has failed to comply with an order of this Court by not filing a more definite statement.

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment (Doc. 45) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  04/25/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
